IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| *Ex Parte* ) | |
| ) | |
| Gatewood A. Walden, ) | CASE NO. 2:13-MC-3643-WKW |
| ) | [WO] |
| Petitioner. ) | |

## MEMORANDUM OPINION AND ORDER

### I.   INTRODUCTION

The Alabama State Bar disbarred Gatewood A. Walden from the practice of law in the State of Alabama. *In the Matter of Gatewood Andrew Walden, an Attorney at Law*, Alabama State Bar No. 09-1040(A) (filed June 14, 2012), *aff'd*, No. 1111313 (Ala. Feb. 22, 2013).  (Doc. # 36-2, at 10–30.)  Based upon the state disbarment and after affording Mr. Walden notice and an opportunity to be heard, this court disbarred Mr. Walden from membership in the Bar of this Court.  (Doc. # 11.)  On appeal, the Eleventh Circuit reversed, holding that the district court failed to conduct an intrinsic inquiry of the record of the state disbarment proceedings as required by *Selling v. Radford*, 243 U.S. 46 (1917).  It remanded this case with instructions to the district court.  (Doc. # 25, at 5 (sealed); *see also* Doc. # 26 (Order entering the judgment as mandate).)

After the remand, this court referred the matter to the Magistrate Judge, who performed an intrinsic review to assess whether any of the *Selling* infirmities infected the state disbarment proceedings.  Finding no infirmities, the Magistrate

Judge entered a Recommendation advocating that the district court disbar Mr. Walden from the practice of law in this court. (Doc. # 51.) Mr. Walden, who is proceeding *pro se*, has objected to the Recommendation. (Doc. # 52.)

The court has conducted an independent and *de novo* review of the entire record, which includes four volumes from the state disbarment proceedings and the transcript of the hearing before the Disciplinary Board. *See* 28 U.S.C. § 636(b). That review confirms that there is no error in the Recommendation, save for one factual inaccuracy that is inconsequential to the ultimate recommended legal disposition.[1] Mr. Walden's objections are due to be overruled, and the Recommendation is due to be adopted.

## II.  DISCUSSION

*Selling* establishes that a federal court should give effect to a state court disbarment

> unless, from an intrinsic consideration of the state record, one or all of the following conditions should appear:  1. That the state procedure, from want of notice or opportunity to be heard, was wanting in due process; 2, that there was such an infirmity of proof as to facts found to have established the want of fair private and professional character as to give rise to a clear conviction on our part that we could not, consistently with our duty, accept as final the conclusion on that subject; or 3, that some other grave reason existed which should convince us that to allow the natural consequences of the judgment to

---

[1] The Recommendation recounts that the Disciplinary Board found Mr. Walden guilty of all four of the formal charges (Doc. # 51, at 7–8), but in fact the Disciplinary Board found Mr. Walden guilty of three of the four formal charges (Doc. # 36-2, at 24–25).

> have their effect would conflict with the duty which rests upon us not to disbar except upon the conviction that, under the principles of right and justice, we were constrained so to do.

243 U.S. at 51. Mr. Walden objects to the Magistrate Judge's conclusions as to each of the three *Selling* infirmities. The objections are addressed in conjunction with the discussion of the Magistrate Judge's determinations.[2]

## A. Whether the State Disbarment Proceeding Lacked Due Process

The Magistrate Judge concluded that Mr. Walden received due process because he had notice of the charges and received a hearing at which he testified, presented evidence (including the testimony of numerous character witnesses), and made arguments on his behalf. The Magistrate Judge also addressed the discrepancy between the oral decision of the Disciplinary Board to suspend Mr. Walden for six months and the Disciplinary Board's subsequent written order of disbarment. He opined that the deviation in the sentence did not rise to the level of a due process violation because Mr. Walden "had the opportunity to raise this claim" to the Alabama Supreme Court on appeal from the Alabama State Bar's order of disbarment. (Doc. # 51, at 22 (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("The fundamental requisite of due process of law is the opportunity to be heard." (citation omitted)).

---

[2] To the extent an argument is not addressed, it is overruled.

3

Mr. Walden focuses his due-process argument on the penalty phase of the state disbarment proceedings. He contends that due process required that he receive additional notice and another hearing prior to the Disciplinary Board's imposition of a harsher punishment than the one orally pronounced at the hearing. He quips that "[t]he counter-argument that [he] could have raised the issue before the state appellate court is unpersuasive, even flippant." (Doc. # 52, at 13.) But he cites no authority, and this court did not uncover any authority that breathed life into the argument. Although not on all fours, the body of Eleventh Circuit law governing the due process rights of a public employee whose termination requires cause does not support Mr. Walden's argument. *See McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994) ("[A] procedural due process violation is not complete unless and until the State fails to provide due process. In other words, the state may cure a procedural deprivation by providing a later procedural remedy; only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." (internal citation omitted)). This court need not decide whether a disbarred attorney and a terminated public employee have analogous procedural due process claims. *Cf. Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 230–31 (5th Cir. 1998) (observing that the comparison is inept and holding that the disbarred attorney's appeal "did not repair

4

the district court's violation of her right to due process"). This is because Mr. Walden has not shown that the notice he received *prior to* his disbarment was constitutionally deficient.

The Alabama State Bar served Mr. Walden with a summons and formal charges alleging violations of specific rules of the Alabama Rules of Professional Conduct and specifying the conduct underlying those charges. (Doc. # 36-1, at 7–12.) The summons provided that its issuance was in connection with proceedings under the Alabama Rules of Disciplinary Procedure (Doc. # 36-1), and those rules put Mr. Walden on notice that disbarment was appropriate discipline for a violation of the Alabama Rules of Professional Conduct.[3] *See* Ala. Rules Prof'l Conduct 22, 2(b); *see also Matter of Calvo*, 88 F.3d 962, 967 (11th Cir. 1996) (rejecting disbarred attorney's argument that he received inadequate notice of his potential disbarment if convicted of the Florida Bar's charges against him; the attorney "should have known" that the state's published standards for sanctioning attorneys approved disbarment as a penalty for the charged conduct). Moreover, the Disciplinary Board provided Mr. Walden a hearing to contest the formal charges and "advised that he [was] entitled to be represented at [the] hearing by counsel, to cross-examine

---

[3] Mr. Walden has indicated his awareness of the Alabama State Bar's intention to disbar him from the practice of law. (*See, e.g.*, Doc. # 36-5, at 10 (Walden's Aff. in Support of Mot. for Dissolution of Interim Suspension).)

witnesses, and to present evidence in his own behalf." (Doc. # 36-5, at 113 (Disciplinary Board's Order Setting Date and Place for Hearing).) The transcript from that hearing further reflects that, at the penalty phase, prior to the oral pronouncement of punishment, Mr. Walden exercised the opportunity to be heard on the appropriate discipline and to rebut the prosecuting attorney's recommendation of disbarment. (Doc. # 22, at 161–74.) The Alabama State Bar afforded Mr. Walden all the process that he was due by providing him specific notice of the grounds for imposing discipline and affording him a hearing. In short, Mr. Walden has not demonstrated that the process he received *prior to* the imposition of discipline was inadequate under the Due Process Clause.

## B. Whether There Was an Infirmity of Proof that Mr. Walden Lacked Fair Private and Professional Character

The Magistrate Judge concluded that there was no infirmity of proof that Mr. Walden lacked "fair private and professional character" because, "[t]o be blunt, the proof was overwhelming." (Doc. # 51, at 22.) To illustrate, he pointed to the Alabama Supreme Court's denunciation of Mr. Walden's repeated, baseless, and vexatious litigation (*see* Doc. # 51, at 22–23 (citing *Walden v. ES Capital, LLC*, 89 So. 3d 90, 109 (Ala. 2011)), his "direct, purposeful violation of an order of a [state] court" (Doc. # 51, at 23), and Mr. Walden's covert behind-the-scenes act, after having been held in contempt, of puppeteering an attorney's representation of his

6

mother in another suit in the Montgomery County Circuit Court to establish ownership of Danya Park Apartments. Mr. Walden's objection to the Magistrate Judge's determination on the second *Selling* infirmity warrants little comment other than to reiterate that Mr. Walden's attempts to minimize his misconduct and to downplay the state court's imposition of criminal contempt against him are baseless. The Magistrate Judge is correct that there was no infirmity of proof that Mr. Walden was guilty of violating Rules 3.1(a), 8.4(a), and 8.4(d) of the Alabama Rules of Professional Conduct.

### C.     Whether a Grave Reason Suggests that Reciprocal Disbarment Would Be Inconsistent with Principles of Right and Justice

The Magistrate Judge concluded that Mr. Walden has not shown any "grave reason" suggesting that reciprocal disbarment would be inconsistent with "principles of right and justice." *Selling*, 243 U.S. at 51. Mr. Walden's objection confirms, rather than dispels, the Magistrate Judge's conclusion. Not only does Mr. Walden continue unabated in his arguments that the "2004 settlement agreement absolved him of any wrongdoing" (Doc. # 51, at 27) and that the multiple courts' findings of *res judicata* are wrong, but bewilderingly, after decades of unsuccessful litigation up and down the state and federal courts and a disbarment, he seeks to rely on a new "overlooked" theory to attack the Autauga County Circuit Court's judgment. (Doc. # 52, at 5.) He contends that this new theory, which hinges on Willadean Walden's

recent acquisition of the certificate of stock, "is conclusive documentary proof of her fee simple title to all of the shares of stock" in the corporation that owns Danya Park Apartments (Doc. # 52, at 5), and "ends once and for all time the issue of" her ownership interest in the apartments (Doc. # 221-1, at 113–15).[4] The sober state of affairs, unfortunately, is that Mr. Walden's refusal to accept the repeated judicial rulings decided adversely to his interests is precisely why the Alabama State Bar brought formal charges against him and, ultimately, disbarred him. As the Magistrate Judge fittingly observed, "a lawyer may not arrogate to himself the right to declare what is the law or to act in defiance of the law." (Doc. # 51, at 28.) Moreover, contrary to Mr. Walden's unrelenting assertions, the record of the state disbarment proceeding is barren of any evidence that supports Mr. Walden's contention that he "honestly believed [his mother] had a right to comply with the [Montgomery County Circuit Court's] judgments and orders, even though they were in conflict with another judge's judgment and orders." (Doc. # 52, at 18.) Finally, the Magistrate Judge cogently rejected Mr. Walden's argument that the doctrine of

---

[4] The court's familiarity with the underlying serial litigation is extensive. *See Crooked Creek Props., Inc. v. Ensley*, No. 2:16-CV-905-WKW, 2017 WL 455937 (M.D. Ala. Feb. 2, 2017); *Crooked Creek Props., Inc. v. Ensley*, No. 2:14-CV-912-WKW, 2015 WL 12940177 (M.D. Ala. Apr. 7, 2015), *aff'd*, 660 F. App'x 719 (11th Cir. 2016); *Crooked Creek Props., Inc. v. Hutchinson*, No. 2:09-CV-1104-WKW, 2010 WL 3629818 (M.D. Ala. Sept. 10, 2010), *aff'd*, No. 10-14477, 438 F. App'x 948 (11th Cir. 2011); *Crooked Creek Props., Inc. v. Ensley*, No. 2:08-CV-1002-WKW, 2009 WL 3644835 (M.D. Ala. Oct. 28, 2009), *aff'd*, No. 09-15988, 380 F. App'x 914 (11th Cir. 2010).

proportionality provides a grave reason to decline to give effect to the state disbarment order. Mr. Walden treads no new ground in this objection, and it is due to be overruled. He has shown no grave reason for finding that reciprocal disbarment would conflict with principles of right and justice.

### III.  CONCLUSION

Mr. Walden has not shown that any of the infirmities recognized in *Selling* are present in the record of the state disbarment proceedings. Although "disbarment by federal courts does not automatically flow from disbarment by state courts," *Theard v. United States*, 354 U.S. 278, 282 (1957), Mr. Walden has not demonstrated that the state disbarment order is unworthy of credence and has not shown "good cause why he should not be disbarred" from membership in the Bar of this Court. *Calvo*, 88 F.3d at 967.

Based on the foregoing, it is ORDERED as follows:

(1)    Mr. Walden's Objections (Doc. # 52) are OVERRULED;

(2)    The Recommendation of the Magistrate Judge (Doc. # 51) is ADOPTED as modified; and

(3)    Gatewood A. Walden is DISBARRED and EXCLUDED from the roll of the Bar of this Court until such time as he may be reinstated to practice in the

State of Alabama and thereafter successfully applies for admission to the Bar of this Court.

DONE this 3rd day of April, 2017.

                                         /s/ W. Keith Watkins
                                CHIEF UNITED STATES DISTRICT JUDGE
                                FOR THE COURT